IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 17-cv-00188-RBJ

TREVOR L. JONES,

    Plaintiff,

v.

JESSICA MASTERSON and
ENCOMPASS INDEMNITY COMPANY

    Defendants.

---

## ORDER

---

    Trevor L. Jones, a pedestrian, was seriously injured on August 1, 2015 when a vehicle driven by Jessica Masterson struck him. He filed a negligence suit against Ms. Masterson in the Denver District Court on March 15, 2016. *See* ECF No. 4. The case was set for trial to a jury on March 6, 2017.

    Although there are some disputes about liability, it is undisputed that Mr. Jones' damages exceed the limits of Ms. Masterson's liability insurance. However, Mr. Jones is a beneficiary of uninsured/underinsured motorist coverage in an Encompass Indemnity Company policy issued to Mr. Jones' parents. Mr. Jones duly notified Encompass of a claim, and as I will discuss later, Encompass has paid substantial amounts under the UM/UIM coverage and under excess UM/UIM provisions of the policy even though the underlying personal injury case has yet to be completely resolved. The rub is that the Encompass policy insures four vehicles but has an anti-

1

stacking provision.  The coverage dispute is whether there is $1 million in excess coverage or four times that amount, i.e., $1 million per vehicle.

Encompass filed a declaratory judgment action against the Jones in this court on December 8, 2016, invoking federal jurisdiction on diversity of citizenship grounds.  Case No. 16-cv-03017-PAB-KMT.  Mr. Jones was unhappy with that choice of forum.  One day later, he filed an amended complaint in the state court case naming Encompass as an additional defendant and asserting breach of contract and bad faith claims.  That didn't sit well with Encompass, and on January 20, 2017 Encompass removed the state case to this court, invoking federal jurisdiction on diversity of citizenship grounds.  Hence, the present case.

The problem is, both Mr. Jones and Ms. Masterson are Colorado residents, thus eliminating complete diversity between the plaintiff and the defendants.  Recognizing that potential hurdle, Encompass's Notice of Removal invokes the "procedural-misjoinder doctrine." Encompass argues that under that doctrine, when a diverse insurer is misjoined to claims against nondiverse tortfeasors, the claims should be severed, with the federal court retaining jurisdiction over the diverse claims and remanding the nondiverse claims to state court.  ECF No. 1 at 4.

Mr. Jones countered by moving to remand the present case for lack of complete diversity, ECF No. 25, and moving to dismiss Case No. 16-cv-03017-PAB on the theory that Ms. Masterson should have been joined in that case (thus defeating diversity jurisdiction there).  His motion to dismiss in that case is pending before Judge Brimmer.  Before me is Mr. Jones' motion to remand the present case.

Several thoughts come to mind.  First, the dispute between Mr. Jones and Ms. Masterson is a straightforward negligence action between two nondiverse parties, and plaintiff's choice of

forum should be honored if possible.  Second, there is diversity between Mr. Jones and Encompass, and Encompass's choice of forum should also be honored if possible.  Third, the state and federal courts are equally capable of resolving either or both sets of claims.  Fourth, to any extent that the maneuvering has delayed the parties' opportunity to have the various claims resolved, it does not put the legal system in a positive light.

In *Lafalier v. State Farm Fire and Cas. Co.,* 391 F. App'x. 732 (10th Cir. 2015) (unpublished), the court discussed procedural or "fraudulent" misjoinder in the context of a plaintiff who "'sues a diverse defendant in state court and joins a nondiverse defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action.'" *Id.* at 739 (quoting E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine,* 29 HARV. J. L. & PUB. POL'Y 569, 572 (2006)).  That is not what happened in the present case.  However, we have what I view as a different form of misjoinder here.

Mr. Jones' counsel joined Encompass in the state court case to counter Encompass's choice of the federal forum for resolution of the insurance coverage issues.  The personal injury and insurance coverage issues do ultimately arise from the underlying accident.  But they otherwise have little in common.  The issues in the personal injury case are the driver's alleged negligence, Mr. Jones' alleged comparative negligence, and an assertion that Mr. Jones' claim against Ms. Masterson might be barred by a release.  *See* ECF No. 6 at 2; ECF No. 12 at 3.  In its declaratory judgment action Encompass does not dispute Ms. Masterson's negligence.  Indeed, Encompass has already paid the full limits of the basic UM/UIM coverage ($250,000) plus $1 million of excess UM/UIM benefits.  *Id.* at ¶22.  Its suit raises only the question whether Mr. Jones can "stack" the excess coverage on a per vehicle basis, thus becoming $4 million rather

3

than the $1 million Encompass paid.  That is a matter of policy interpretation.  Mr. Jones' presumptive counterclaim in the federal action, based on the claims he has asserted against Encompass in the present case, would seek a determination that the excess coverages can be stacked plus a statutory penalty for unreasonable delay or denial of insurance benefits.  In short, the issues are quite different.

Complete diversity does not exist in this case as it is presently framed.  However, a remand of the case as is would reward plaintiff's forum shopping while thwarting Encompass's choice of forum.  There has been a form of misjoinder.  On the other hand, accepting the removal as is would put plaintiff's claims against Ms. Masterson in the federal court, a result that neither party seeks.  Encompass proposes that the Court should sever plaintiff's coverage claims from his personal injury claims; remand the personal injury claims to the state court for lack of diversity of citizenship jurisdiction; and retain jurisdiction over the coverage claims.  *See* ECF No. 31 at 12.

District courts may drop or sever misjoined claims.  Fed. R. Civ. P. 21.  The discretion to do so "is circumscribed, however, by Rule 19(b) because the court cannot proceed without indispensable parties."  *Lenon v. St. Paul Mercury Ins. Co.,* 136 F.3d 1365, 1371 (10th Cir. 1998).  I find that Ms. Masterson is not an indispensable party to the coverage case(s), and that Encompass is not an indispensable party to the personal injury action.  Accordingly, setting aside the fact that Encompass's proposal would potentially leave the coverage claims pending in two separate cases before two different judges of this court, it is a reasonable resolution.

**ORDER**

Plaintiff' motion to remand is granted in part and denied in part. The Court severs plaintiff's first and second claims (negligence and negligence per se against Ms. Masterson) and remands those claims to the state court for lack of diversity of citizenship jurisdiction. The Court will retain jurisdiction over plaintiff's third claim (breach of insurance contract) and fourth claim (unreasonable delay or denial of insurance benefits) for the moment. The parties should consider a stipulation that all insurance claims between Mr. Jones and Encompass should be determined in Case No. 16cv3017-PAB and, therefore, that what remains of the present case following the remand of the personal injury claims should be dismissed without prejudice. Absent a stipulation, I presume that the remainder of this case will probably be consolidated with 16-cv-03017-PAB and proceed before Judge Brimmer. The stay granted at ECF No. 36 is vacated. Please advise the Court how you wish to proceed with the insurance coverage issues within fifteen days of this order.

DATED this 12th day of June, 2017.

BY THE COURT:

R. Brooke Jackson
United States District Judge